**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:19 PM November 20, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JANICE L. PROTZ, | ) | CASE NO. 06-61512 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6113 |
| | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| JOHN R. PROTZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now before the court is Defendant's amended motion to dismiss ("motion"), filed on September 14, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

On August 15, 2012, the chapter 7 trustee ("Trustee") filed a complaint seeking an order pursuant to 11 U.S.C. § 542(a) for turnover of assets received by Defendant. Defendant is Debtor's ex-husband. As part of the dissolution of their marriage, the Court of Common Pleas of Stark County entered a Judgment Entry that entitles Debtor to one-half (1/2) of the marital portion of Defendant's non- ERISA qualified deferred compensation plan ("Plan") within forty-five (45) days of disbursement. Trustee argues that, pursuant to 11 U.S.C. § 541(a)(1), Debtor's one-half (1/2) interest in the Plan constitutes property of the bankruptcy estate, which must be turned over to Trustee pursuant to 11 U.S.C. § 542(a). Defendant began receiving disbursements from the Plan on July 20, 2012 and notified Trustee of the disbursements on July 30, 2012.

Defendant filed an amended answer on September 14, 2012 and simultaneously filed an amended motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[1] In his amended answer, Defendant admitted nearly all allegations of the complaint, including paragraph 11 of the complaint which alleges that "[o]ne-half of the marital portion of the Plan payments that the Defendant has received and will receive into the future constitutes property of the Debtor's estate and must be turned over the Trustee pursuant to 11 U.S.C. § 542(a)."

Defendant premises his motion to dismiss upon Fed.R.Civ.P. 12(b)(6) arguing that Trustee has failed to state a claim upon which relief can be granted because Defendant is not guaranteed any disbursements from the Plan. Defendant argues that since the Plan is not guaranteed, Defendant could forfeit his entire accumulated balance in some circumstances. Since valuation of the Plan is not possible, Defendant argues that Trustee cannot receive an order providing that one-half (1/2) of all previous and future disbursements are turned over to Trustee.

On September 28, 2012, Trustee filed a brief in opposition to Defendant's motion. Trustee argues that her complaint sets forth allegations which are legally sufficient to state a claim for relief pursuant to 11 U.S.C. §§ 541 and 542.

## LAW AND ANALYSIS

Defendant's motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." To avoid dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court accepts the allegations as not only true, but also views them in the light most favorable to the plaintiffs. Gold v. Deloitte & Touche LLP (In re NM Holdings Co., LLC), 622 F.3d 613, 618 (6th Cir. 2010) (citation omitted).

Under Rule 12(d), if a 12(b)(6) motion contains "matters outside the pleadings that are not presented and not excluded by the court, the motion must be treated as one for summary judgment

---

[1] Both pleadings were amended only to correct the certificate of service.

2

under Rule 56." Fed.R.Civ.P. 12(d). Trustee notes that Defendant's motion contains reference to a prior attempt at valuation of the Plan, which is not referenced in her complaint. Trustee asks that if the Court considers this prior attempt at valuation in deciding the motion, that the Court convert the motion to a motion for summary judgment, and provide her with a reasonable opportunity to conduct discovery on valuation of the Plan. The Court need not convert the motion to a motion for summary judgment pursuant to Rule 12(d) as the Court will not consider Defendant's references to any prior attempt at valuation of the Plan in its decision.

Trustee's complaint sets forth allegations, which when viewed in the light most favorable to Trustee, are sufficient to state a claim for relief pursuant to 11 U.S.C. §§ 541 and 542(a). Trustee alleges that Debtor is entitled to one-half of Defendant's Plan disbursements, that Debtor's interest in the Plan disbursements constitute property of the estate under § 541, and that Defendant has received at least one (1) Plan disbursement. When these facts are accepted as true, Trustee has stated a claim plausible on its face. It is also notable that Defendant himself admits nearly all Trustee's allegations and does not deny that Trustee is entitled to the turnover of one-half (1/2) of Plan disbursements when Defendant receives the disbursements. Accordingly, dismissal of the complaint is not appropriate and Defendant's motion will be denied.

An appropriate order will be entered simultaneously with this memorandum of opinion.

#     #     #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Jeffrey Jakmides
325 E. Main St
Alliance, OH 44601