**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:49 AM December 20, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JANICE L. PROTZ, | ) CASE NO. 06-61512 |
| | ) |
| Debtor. | ) ADV. NO. 12-6113 |
| | ) |
| ANNE PIERO SILAGY, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| JOHN R. PROTZ, | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

      On November 26, 2013, the court entered summary judgment in Plaintiff's favor. Since that time, the parties have filed the following pleadings: (1) a motion for rehearing, filed by Defendant on December 9, 2013, (2) Plaintiff's motion to strike the motion for rehearing, dated December 11, 2013, and Defendant's December 13, 2013 response,[1] (3) Plaintiff's motion for an order specifying the amount subject to immediate turnover, filed December 11, 2013, (4) Defendant's motion to extend the time to file an appeal, dated December 13, 2013, followed by Plaintiff's response on December 16, 2013 and Defendant's reply dated December 18, 2013, and

---

1 The pleading is inaccurately titled as a reply.

1

(5) Defendant's notice of appeal, filed on December 13, 2013.[2]

## JURISDICTION

A federal court is tasked with the duty to ascertain the proper exercise of its jurisdiction even in the absence of a challenge. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)). The pending motions present an even stronger need for the review because, as a general rule, a timely notice of appeal immediately divests the bankruptcy court of its jurisdiction in favor of the appellate court. Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380 (6th Cir. 2007). Consequently, unless an exception to the general rule is available, this court is not able to determine the pending motions.

Notable exceptions to the general rule do exist. For example, a notice of appeal only divests the court "of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consnumer Disc. Co., 459 U.S. 56, 58 (1982). This allows a court to continue to exercise jurisdiction over matters in the case that are not subject to appeal, as well as to enforce the judgment. Greer v. One West Bank, FSB, 2012 WL 640661 (M.D. Tenn. 2012) (citing In re Sherman, 491 F.3d 948, 967 (9th Cir. 2007)); see also AAA Venetian Blind Sales, Inc. v. Beaufieu of Am., Inc., 124 F.3d 196 (6th Cir. 1997) (unpublished). The lower court may also act on matters in aid of the appeal. Cochran v. Birkel, 651 F.2d 1219, 1221 (6th Cir. 1981). The Sixth Circuit has described the permissible exercise of jurisdiction as enforcement, as opposed to expansion, of the underlying judgment. Am. Town Ctr. v. Hall 83 Assoc., 912 F.2d 104, 110 (6th Cir. 1990).

Defective appeals also create exceptions to the general rule:

> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.

Id. at 1222 (citing Ruby v. Sec'y of the U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (other citations omitted)); see also Rucker v. U.S. Dep't of Labor, 798 F.2d 891, 892 (6th Cir. 1986); U.S. v. Castillejo, 2008 WL 5099714 (N.D. Ohio 2008) (unreported).

Federal Rule of Bankruptcy Procedure 8002 governs the timeliness of an appeal. Under the rule, the notice of appeal is to be filed with fourteen days of entry of the judgment. The court entered its opinion and order on November 26, 2013. Under this rule, December 10, 2013 was the last day to file an appeal. Defendant's notice of appeal was filed on December 13, 2013 and is therefore clearly untimely. The court concludes that it has not been divested of jurisdiction by

---

[2] The notice of appeal indicated it was an appeal to the Sixth Circuit Court of Appeals, requiring certification in accordance with Federal Bankruptcy Rule 8001(f). As a result of this requirement, and in the absence of an election to district court under Rule 8001(e), the Clerk has referred the appeal to the Bankruptcy Appellate Panel.

virtue of the untimely notice of appeal and therefore may consider the matters before it. As previously set forth, the court has jurisdiction over those matters through 28 U.S.C. § 1334, the General Order 2012-7, dated April 4, 2012, and 28 U.S.C. § 157(b)(2)(E). In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff, the chapter 7 trustee, filed this adversary seeking turnover of Debtor's interest in Defendant's, Debtor's ex-husband, Career Bonus Growth Plan ("Plan"), an unfunded, nonqualified deferred compensation plan. In granting the summary judgment to Plaintiff, the court found that one-half of the marital portion of the Plan, or 43.59189% of the Plan, was property of the estate. The order required immediate turnover of 43.59189% of any payments received by Defendant to date, plus interest and costs, and an accounting. The court further stated that Plaintiff-trustee was entitled to the same percentage of future payments received by Defendant.

### I. Motion for Rehearing

On December 9, 2013, citing Federal Rule of Bankruptcy Procedure 8015, Defendant requested a rehearing "so that this Court and the attorneys may hear explanation and specifically question the experts and Mr. Protz regarding the proper method of valuation for the Plan at issue in this matter." Plaintiff's response was a motion to strike, discussed below.

Rule 8015 is wholly inapplicable. It governs rehearing of an appellate opinion issued by the district court or the bankruptcy appellate panel. Since the decision that Defendant wants re-heard was issued by the bankruptcy court, the Rule does not apply. Consequently, Defendant failed to cite any grounds upon which rehearing can be based.

In his response to the motion to strike, Defendant references the court's decision in In re Tobin, Case No. 01-61721 (Bankr. N.D. Ohio July 11, 2003). While acknowledging the court's denial of the motion, he simultaneously suggests that the court's decision provided credence to the applicability of Rule 8015. The court emphatically disagrees. Rule 8015 was inapplicable in Tobin and was denied and Rule 8015 is inapplicable here and the motion is similarly denied.

Further, the court is perplexed by the reasons underlying Defendant's request. It seems Defendant now seeks to accomplish what should have been undertaken in a discovery deposition. The time to depose experts is during discovery before judgment has been entered. The court was satisfied with the factual premise set forth by Plaintiff's expert, which was unchallenged by Defendant. The motion will be denied by separate order.

## II. Motion to Strike

Plaintiff filed a motion to strike Defendant's motion for rehearing on December 11, 2013, citing the inapplicability of Rule 8015. At first blush, the motion to strike seems to be overkill considering the clear inapplicability of the rule. However, upon further review, Plaintiff seeks the additional relief of striking the motion to alleviate any concern the motion for rehearing tolls the time frame to appeal under Rule 8002. The court is persuaded by the merit of Plaintiff's argument. The motion for rehearing under rule 8015 does not toll the time for filing an appeal. The court therefore will grant the motion to strike.

## III. Motion for Order Specifying Judgment Amount Subject to Immediate Turnover

Plaintiff also filed a motion for an order specifying the exact dollar amount subject to immediate turnover from Defendant. This matter is within the appellate divestment exception for enforcement rather than expansion of the judgment in addition to the defective appeal exception. Plaintiff's problem is that the court cannot specify the amount based on the factual record before it. For this reason, the court ordered Defendant to provide an accounting.

On or about March 21, 2013, Federated filed a response to a subpoena that states the following: "First payment of $6,573.85 was made on 7/20/2012 and the same amount was paid every month since then on or about the 22nd of the month. Payment will end on or about 6/22/2016." (Pl.'s Mot. Summ. J., Ex. B, ECF No. 32-2.) This establishes the amount of the monthly payment to Defendant, and the existence of payments made to him through February 2013, and makes an assumption that the same will continue through 6/22/2016. However, nothing else in the record conclusively establishes that Defendant did, in fact, receive the payments for March 2013 through entry of the court's decision. Providing a sum certain would require the court to make assumptions which it does not need to make, especially since the court ordered Defendant to provide an accounting. The court will deny Plaintiff's motion for an order containing a specific dollar amount.

## IV. Motion for Extension

On December 13, 2013, Defendant filed a motion to extend the time to file a notice of appeal under Rule 8002(c)(2):

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect . . . .

Like the notice of appeal, this motion was filed after the expiration of the appeal period so Defendant must establish excusable neglect to obtain an extension.

4

Excusable neglect is described as a "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." In re Nat'l Century Fin. Enter., Inc., 2007 WL 912216, * 3 (S.D. Ohio 2007); Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 385 (citations omitted). This involves a two-step analysis, looking first at whether the late filing is the result of neglect, and then whether the neglect is excusable. Allied Domecq Retailing USA v. Schultz (In re Schultz), 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000) (citations omitted). The burden is upon the movant. *See* id.

In his motion to extend, Defendant did not utter a single sentence about the neglect, nor did he provide any excuse. However, in his reply, he references reliance on Tobin when he filed the motion for rehearing. The argument is spurious. The Tobin request for rehearing was denied. The only mention of Rule 8015 in that opinion was a reference to the debtor's citation to the rule. The court did not take any analysis or review of Rule 8015. And its inapplicability could not be clearer: Rule 8015 discusses actions by district court or the bankruptcy appellate panel, not the bankruptcy court. Defendant's citation and reliance on the rule, like Tobin's, is simply erroneous. According to the Sixth Circuit Court of Appeals, this type of misunderstanding of the rules does not constitute excusable neglect:

> it is clear that misinterpreting the rules governing the time for filing does not usually constitute excusable neglect. Although Makridis cites it repeatedly in her brief, Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993), does not suggest otherwise. Instead, Pioneer recognizes that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392, 113 S.Ct. 1489; *see also* Marsh v. Richardson, 873 F.2d 129, 131 (6th Cir.1989) (analyzing excusable neglect under Bankruptcy Rule 8002(c)'s analogue, Appellate Rule 4(a)(5), and concluding that miscalculating the time period for filing is not excusable, but instead "indicate[s] a serious lack of diligence and inattention to the everyday detail of the practice of law"); Duncan v. Washington, No. 93–1171, 1994 WL 232397, at *3 (6th Cir. May 27, 1994) (holding that an attorney's "misunderstanding of [Rule 8002(c)] was not excusable").

WMS Motor Sales v. Reese (In re Reese), 485 Fed.App'x 32, *4 (6th Cir. 2012).

The court cannot, with any colorable honesty, conclude that these facts meet the legal standard set forth. The court's duty is to apply the law, not to seek its evasion. Only the latter could produce a favorable decision for Defendant given any obvious, straightforward reading of the rules and application of the standard set forth by superior courts. The motion to extend will be denied.

The court will immediately issue an order reflecting this decision.

\#   \#   \#

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Jeffrey Jakmides
325 E Main St
Alliance, OH 44601