**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:00 AM April 4, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JANICE L. PROTZ, | ) | CASE NO. 06-61512 |
| | ) | |
|     Debtor. | ) | ADV. NO. 12-6113 |
| _____ | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOHN R. PROTZ, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
|     Defendant. | ) | |

    Defendant moved for relief from judgment on February 13, 2014. Relying on Federal Civil Rule 60(b)(4), adopted into bankruptcy practice by Bankruptcy Rule 9024, he argues that the Rooker Feldman doctrine and the rule of jurisdictional priority prevented the court's exercise of jurisdiction, thereby rendering the November 26, 2013 judgment void. Plaintiff opposes the motion. The court held a hearing on March 10, 2014 and the parties have each submitted a posthearing legal memoranda in support of their respective positions. Plaintiff's unopposed, renewed Motion for Order Specifying Judgment Amount Subject to Immediate Turnover, filed on February 5, 2014 is also pending. The parties deferred argument on Plaintiff's show cause motion.

The court claims jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Jurisdiction will be discussed further below.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Plaintiff, the chapter 7 trustee ("Plaintiff" or "Trustee"), filed this adversary seeking turnover of Debtor's interest in Defendant's, her ex-husband, Career Bonus Growth Plan ("Plan"), an unfunded, nonqualified deferred compensation plan. In granting the summary judgment to Plaintiff on November 26, 2013, the court found that one-half of the marital portion of the Plan, or 43.59189% of the Plan, was property of the estate. The order required immediate turnover of 43.59189% of any payments received by Defendant to date, plus interest and costs, and an accounting. The court further stated that Plaintiff-trustee was entitled to the same percentage of future payments received by Defendant.

On February 13, 2014, Defendant filed a motion for relief from judgment. According to Defendant, the court overstepped its authority in assigning a value to the Plan under the Rooker Feldman doctrine. Defendant advocates for this matter to be determined in the Domestic Relations Division of the Stark County Court of Common Pleas, the court that handled the parties' divorce. Plaintiff disagrees, arguing that the court's order merely valued an asset of Debtor's bankruptcy estate and such action did not improperly tread on the decision of the state court. Defendant's contention that the jurisdictional priority rule prevented the court from issuing its judgment is also contested by Plaintiff.

## DISCUSSION

Bankruptcy Rule 9024, the bankruptcy component to Federal Rule of Civil Procedure 60, provides relief from judgment in certain enumerated conditions. Defendant seeks relief under Rule 60(b)(4), which allows a judgment to be set aside when it is void. The Supreme Court recognized that, when a final judgment is not appealed, relief from that judgment is reserved "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 261 (2010). Defendant argues under the former, claiming the court did not have jurisdiction to enter the judgment. First, he contends that the bankruptcy court could not review the state court judgment under the Rooker Feldman doctrine. Alternatively, he argues that jurisdictional priority prevented the court from issuing its decision. Both arguments are contested by Plaintiff.

2

## I. Rooker Feldman doctrine

The Rooker Feldman doctrine derives from two Supreme Court cases, Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine protects the jurisdictional division of authority between federal and state courts by preventing a lower federal court from sitting as an appellate court over a state court decision, a power reserved to the Supreme Court. Durham v. Haslam, 528 Fed.App'x 559, 563 (6th Cir. 2013) (citations omitted); 28 U.S.C. § 1257. Interpretation of the doctrine has narrowed over time. Id. (citing Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280 (2005)). In Exxon Mobil, the Supreme Court directed that the doctrine governs "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284. In Haslam, the Sixth Circuit explained

> In the wake of Exxon Mobil, we have held that "the pertinent inquiry ... is whether the 'source of the injury' upon which plaintiff bases [her] federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." Kovacic, 606 F.3d at 309 (citing McCormick v. Braverman, 451 F.3d 382, 393–95 (6th Cir.2006)). To determine whether the plaintiff's complaint seeks appellate review of a state court decision or instead asserts an independent claim for relief, the federal court must examine "the source of the injury the plaintiff alleges in the federal complaint." McCormick, 451 F.3d at 393. "Rooker–Feldman focuses on whether the state court decision caused the injury," and the "court cannot determine the source of the injury without reference to the plaintiff's request for relief." Berry v. Schmitt, 688 F.3d 290, 299 (6th Cir.2012) (quotation marks and alterations omitted).

Haslam, 528 Fed.App'x 559, 563.

The facts of this case do not invoke the Rooker Feldman doctrine. Plaintiff's complaint is a motion for turnover of estate property. Plaintiff is seeking to *enforce* the state court divorce judgment on behalf of Debtor, not overturn it. Defendant acknowledges this, stating "[h]ere, the trustee is attempting to enforce the debtor's interest arising from a state court decision." (emphasis original) (Def.'s Supp. Brief, p. 2, ECF No. 83) As set forth in the court's Memorandum of Opinion dated November 26, 2013, the state court awarded Debtor an interest in the Plan:

> Plaintiff shall receive one-half (1/2) of the marital portion of the Career Growth Bonus Plan if and when Defendant receives payments from the Career Growth Bonus Plan. Defendant shall

> provide Plaintiff with notification of receipt of payments from
> this Career Growth Bonus Plan within forty-five (45) days of
> payment or notification, whichever is first in point of time.

(Memo. of Opinion, p. 2, ECF. No. 39)   At the time of the award, because the Plan was subject to forfeiture, the state court could not value Debtor's interest.   In order to determine the estate's interest, this court was tasked with valuation of the marital portion of the asset.   This type of interpretation of a state court divorce decree does not violate Rooker Feldman.   In re Mayer, 451 B.R. 702 (E.D. Mich. 2011).   Plaintiff is not seeking to alter or amend what was accomplished by the state court, nor asking this court to review that decision as the state court loser.

Defendant's arguments to the contrary are unavailing.   According to Defendant, the trustee was injured because the state court could not assign a value to Debtor's interest in the Plan, thereby making her unable to assert a claim.   This is wrong.   A claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).   Upon entry of the divorce decree, Debtor clearly had a claim against her ex-husband for her share of the marital portion of the Plan.   In this proceeding, Plaintiff-trustee merely seeks to recover that claim, which was Debtor's property, for the benefit of the bankruptcy estate.

The purpose of the state court action was to sever the parties' marital relationship, divide assets, and determine custody issues.   That is a far cry from the purpose of this adversary proceeding to marshal the Debtor's assets for the benefit of creditors.   Because the trustee represents the unsecured creditors, who are rarely real parties of interest in state court actions, courts generally find a lack of privity.   Corzin v. Fordu (In re Fordu), 201 F.3d 693, 705-06 (6th Cir. 1999) (discussing, for preclusion purposes, privity between trustee and debtor in a dissolution action); Williams v. Marlar (In re Marlar), 267 F.3d 749 (8th Cir. 2001) (finding that other unsecured creditors were not in privity with a third unsecured creditor who had attempted to recover property prepetition from debtor under fraudulent transfer theory); ); Slone v. Dirks (In re Dirks), 407 B.R. 442 (B.A.P. 6th Cir. 2009) (unpublished); Kellner v. Fifth Third Bank (In re Durham), 493 B.R. 506 (Bankr. S.D. Ohio 2013).   This holds true even in actions where a trustee makes a fraudulent transfer claim related to a state court divorce action.   Ingalls v. Erlewine (In re Erlewine), 349 F.3d 205 (5th Cir. 2003).   Consequently, even if Rooker Feldman applied, it would fail for a lack of privity between Trustee and Debtor in the state court divorce case.

## II.    Jurisdictional priority rule

Defendant argues that the bankruptcy court could not exercise jurisdiction under the jurisdictional priority rule or its companion, the first to file rule.   Pritchard v. Dent Wizard Int'l Corp., 275 F.Supp.2d 903, 910 (S.D. Ohio. 2003) (referring to the federal version as the first to file rule and the Ohio state version as the jurisdictional priority rule).   The Sixth Circuit explained that '[t]he rule provides that when actions involving nearly identical parties and issues

have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.' Am. Bonding Co., Inc. v. Am. Contractors Indem. Co., 2011 WL 20143946, * 2 (S.D. Ohio 2011) (citing Certified Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) (quoting AmSouth Bank v. Dale, 386 F.3d 763, 791 n.8 (6th Cir. 2004))). By these terms, the rule applies to courts of equal rank at the same level of government. Pritchard, 275 F.Supp.2d, 903, 910 (citing Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc., 16 Fed.App'x 433, 473 (6th Cir. 2001)). In the case before the court, separate levels of government are involved. This asymmetry is governed by numerous other rules and statutes, including the repudiated Rooker Feldman doctrine. Further, as discussed above, this action does not involve the same parties or issues. The court therefore rejects Defendant's argument under the jurisdictional priority rule.

### III. Plaintiff's renewed motion for order specifying judgment amount

On February 5, 2014, Plaintiff filed a renewed motion to have the court fix a specific value to Debtor's marital portion of the Plan distributions received by Defendant through November 26, 2013, the date of the court's judgment. The motion is not opposed by Defendant.

At the time of the judgment, the court could not ascertain the exact value of the marital portion of Plan distributions because of gaps in the record. Plaintiff has since issued a subpoena to Federated Mutual Insurance Company and obtained additional information, providing a foundation for the court to value the marital portion of the distributions. Responses to the subpoena show that Defendant began receiving $6,573.85 per month on July 20, 2012. As of November 26, 2013, he had received a total of $111,755.45. Debtor's marital portion of these payments is $48,716.31. This amount, plus applicable interest and costs, is subject to immediate turnover. The court will issue a judgment in this amount.

The court will immediately issue an order in accordance with this decision.

#     #     #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Roger L. Kleinman
Eric J. Weiss
Cavitch, Familo & Durkin
1300 East Ninth Street, 20th Floor
Cleveland, OH 44114