**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:05 PM April 23, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JANICE L. PROTZ, | ) | CASE NO. 06-61512 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6113 |
| _____ | ) | |
| ANNE PIERO SILAGY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOHN R. PROTZ, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Now before the court is Defendant's motion for stay pending appeal, brought pursuant to Federal Rule of Bankruptcy Procedure 8005. On April 18, 2014, Defendant filed a notice of appeal of the court's decision entered on April 4, 2014. On the same day, he requested a stay pending appeal without a bond. Plaintiff opposes entry of a stay but requests that, if one is granted, Defendant post a supersedeas bond while the appeal is pending.

The court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district

1

and division is proper. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The chapter 7 trustee ("Plaintiff" or "Trustee") seeks to recover Debtor's interest in her ex-husband's, the Defendant, Career Bonus Growth Plan ("Plan"). On November 26, 2013, the court granted summary judgment in favor of Plaintiff, finding 43.59189% of the Plan, or $130,586.50, was property of the estate. The order required immediate turnover of 43.59189% of any payments received by Defendant to date, plus interest and costs, and an accounting. The court further stated that Plaintiff-trustee was entitled to the same percentage of future payments received by Defendant. On January 7, 2014, Defendant voluntarily dismissed his appeal of the summary judgment order.

On February 13, 2014, Defendant filed a motion for relief from judgment. The court denied the motion on April 4, 2014. Defendant filed a notice of appeal on April 18, 2014, accompanied by the present motion for a stay pending appeal.

## DISCUSSION

Defendant requests entry of a stay pending his appeal to the Bankruptcy Appellate Panel, citing Federal Rule of Bankruptcy Procedure 8005. He cited no legal authority for his request.

In pertinent part, Rule 8005 provides "[n]otwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Rule 7062(d) states that "the appellant may obtain a stay by supersedeas bond." A court considers four factors in determining whether to issue a stay: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." Id. (citing In re DeLorean Motor Co., 755 F.2d 1223,1229 (6th Cir. 1985)).

The first consideration requires the court to evaluate whether Defendant is likely to succeed on the merits of the appeal. Since the court previously found against Defendant, this inquiry means the court must be convinced the decision was erroneous and that the appeal will result in a different outcome for Defendant. For the same reasons outlined in the opinion, the court does not believe Defendant will succeed on his appeal. Thus, this factor tends heavily in

2

favor of Plaintiff.

Second, the court looks at whether Plaintiff will be irreparably injured if a stay is granted, with emphasis on the term "irreparable." <u>Michigan Coalition of Radioactive Material Users</u>, 945 F.2d at 154. To understand this, the court will look at the facts of the case. When Defendant retired, the Plan was valued at slightly less than $300,000.00. The court determined that approximately $131,000.00 of the Plan was property of the estate. On July 20, 2012, Defendant began receiving monthly payments of $6,573.85 from the plan. That means that, as of this month, Defendant has received over $144,000.00 from the Plan, which approaches one half of the total value of the plan. If he has not escrowed or saved any amounts that the court has deemed to be his ex-wife's marital portion, which is now property of the estate, he would need to turn over nearly every future payment, in full, to cover his ex-wife's interest. For this reason, the court rejects Defendant's contention that "Trustee's interests are secured by the remaining, unpaid portion of Defendant's future benefits under the [Plan]." (Mot. Stay Pending Appeal at 1, ECF No. 91). Further, Defendant's financial condition has not been discussed and it is not clear whether he has the wherewithal to reimburse the estate in full should he lose. What is clear is that the value of this asset is finite and subject to dissipation which will be exacerbated by a blanket stay which could result in loss to the estate, resulting in a high cost to Plaintiff and the estate.

Potential harm to others is the subject of the third consideration. In this case, "others" refers to the unsecured creditors, who are the beneficiaries of monies recovered by the estate. To date, claims totaling $67,000 have been filed. Since the marital portion was valued at over $131,000.00, the asset would provide for administrative and unsecured claims to be paid in full. Imposing a stay, and allowing monies to continue to flow to Defendant without constraint may severely prejudice the unsecured creditors if the funds are dissipated and there is no means of other recovery from Defendant.

Finally, the court reviews the public interest in a stay. In a broad perspective, the public has an interest in enforcement of court orders. In this case, that includes the state court divorce decree as well as the orders of this court. Additionally, the public has an interest in seeing that debt is repaid in order to reduce the cost of bad debt on the economy. A stay will not result in immediate impact on these public interests. At best, if a stay is imposed and Defendant loses, the stay has only delayed fulfillment of the public interest. This factor is therefore of no great consequence in the analysis of whether to impose a stay.

After balancing the four factors, the court finds that three of the four factors bear more in Plaintiff's favor and against a stay pending appeal. However, Rule 8005 directs a court to act in a manner to "protect the rights of all parties in interest" and gives the court latitude to determine the terms. A blanket stay would prevent Plaintiff from executing the judgment and would leave the asset exposed to diminution. As long as Debtor's marital share of the Plan is protected from further dissipation, the factors weigh less in favor of Plaintiff. Therefore, in accordance with Rule 7062(d), the court will require Defendant to post a supersedeas bond in order to obtain a stay pending appeal. The bond shall be in the amount of $130,586.50, representing Debtor's

3

marital portion of the Plan.

An order will be entered immediately.

#     #     #

**Service List:**

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Roger L. Kleinman
Eric J. Weiss
Cavitch, Familo & Durkin
1300 East Ninth Street
Twentieth Floor
Cleveland, OH 44114